TUCKER ELLIS LLP
REBECCA M. BIERNAT SBN 198635
rebecca.biernat@tuckerellis.com
201 Mission Street, Suite 2310
San Francisco, CA 94105
Telephone:  415.617.2400
Facsimile:   415.617.2409

Attorneys for Defendant
ELECTROLUX HOME PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GARCIA and TIMOTHY GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>AB ELECTROLUX, ELECTROLUX HOME PRODUCTS, INC.; JRCA, INC.; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 2:22-cv-3158<br><br>**DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Assigned Judge:<br>Department.:<br><br>State Action Filed: February 1, 2022<br>Trial Date:              None |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Electrolux Home Products, Inc. ("EHP" or "Defendant"), by and through undersigned counsel, hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this Notice of Removal, Defendant states:

## JURISDICTION AND VENUE

1. The United States District Court for the Central District of California has original subject matter jurisdiction over this civil action because there is complete diversity among all properly joined parties pursuant to 28 U.S.C. § 1332(a) and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

2. Los Angeles County, California, is located within the Western Division of the Central District of California, *see* 28 U.S.C. § 84(a), and venue for this action is proper in this Court because the Central District of California, Western Division, is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## BACKGROUND

3. On September 11, 2020 Plaintiffs Eric Garcia and Timothy Garcia filed a wrongful death action against EHP and other defendants, in the Superior Court of the State of California, County of Los Angeles, *Eric Garcia v. AB Electrolux; Electrolux Home Products, Inc.; and JRCA, Inc.,* Case No. 20STCV034816. They filed their first amended complaint on October 21, 2020. *See* First Amended Complaint ("FAC."), attached as Ex. A to Declaration of Rebecca M. Biernat ("Biernat Decl.").

4. The FAC names three defendants: AB Electrolux; Electrolux Home Products, Inc. ("EHP"); and JRCA, Inc.; as well as Does 1-50. JRCA is a resident of California. EHP and AB Electrolux are non-California residents. (Biernat Decl. ¶¶7, 8, 10.)

5. EHP and JRCA have both appeared in the case. AB Electrolux has not appeared, and EHP is informed and believes that Electrolux AB has not yet been served with the Summons and Complaint. (Biernat Decl. ¶¶11, 12, 13.)

6. On April 9, 2022, the Clerk of the Los Angeles County Superior entered dismissal of JRCA. (Biernat Decl. ¶9, Ex. E.)

7. The underlying state court civil action is a wrongful death action that arises from the death of Decedent Virginia Sue Garcia purportedly caused by a fire at Decedent's home in Carson, California. Plaintiffs Eric and Timothy Garcia are Decedent's adult sons.

They allege that the fire originated in a residential clothes dryer manufactured and designed by EHP. (*See* Ex. A to Biernat Decl.)

8. Plaintiffs pray for compensatory damages for property damaged or destroyed in the fire, as well as wrongful death non-economic damages allegedly incurred by Plaintiffs as a result of the death of their mother. (*See* Ex. A to Biernat Decl.).

9. EHP is a corporation incorporated under the laws of Delaware with its principal place of business in the state of North Carolina. (Biernat Decl. ¶7, Ex. D to Biernat Decl.)

10. Plaintiffs Eric Garcia and Timothy Garcia are residents of California.

11. Plaintiffs filed Notice of Related Case in the state court, asserting that the instant action is related to a separate survival action filed on February 1, 2022 by the Estate of Virginia Sue Garcia, Los Angeles Superior Court, Case No. 22STCV03851. (Biernat Decl. ¶ 5.) On March 23, 2022, Judge Audra Mori issued an order relating both cases. (See Biernat Decl. Exs. B and C.)

12. No proceedings have taken place in the State Court, other than the filing of the Complaint, FAC, EHP's and JRCA's answer, the dismissal of defendant JRCA, and the filing of the Notice of Related Case and subsequent Court Order. (See Biernat Decl. ¶14.)

13. The parties have exchanged written discovery in the State Court action. (See Biernat Decl. ¶15.)

14. This case is properly removed to this Court under 28 U.S.C. § 1441. As shown below, the procedural requirements for removal are satisfied and this Court has original jurisdiction.

## DIVERSITY OF CITIZENSHIP

15. Plaintiffs Eric and Timothy Garcia are California residents. (*See* Biernat Decl. ¶6.)

16. Defendant Electrolux Home Products, Inc. is incorporated in the State of Delaware, with its principal place of business in North Carolina. (*See* Biernat Decl. ¶7 ; California Secretary of State Corporation Statement of Information, Ex. D).

17. Defendant Electrolux AB is a Swedish Corporation. It has not appeared in this action,

and it is unclear whether it has been served. (*See* Biernat Decl. ¶¶10, 11.)

18. Defendant JRCA, Inc., incorporated in California, was dismissed on April 9, 2022. (*See* Biernat Decl. ¶9; Executed Dismissal of JRCA, Ex. E.)

## AMOUNT IN CONTROVERSY

19. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

20. To satisfy the pleading standard for a removal, the notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014) (quoting *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192, 200 (4th Cir. 2008), for the proposition that "a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint'").

21. Where a plaintiff fails to specify an amount sought as damages, the removing party need only show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

22. To ascertain the amount in controversy, a district court takes into account claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, and attorney's fees. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995). In addition, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

23. Here, the amount in controversy exceeds the sum or value of $75,000 with respect to

the allegations asserted by Plaintiffs in their FAC exclusive of interest and costs. 28 U.S.C. § 1332(a). The FAC seeks financial compensation for fire damages sustained to Decedent's property and for non-economic damages they incurred as a result of the death of their mother Virginia Garcia, who died of smoke inhalation and burns.

24. Based on the nature of the alleged injuries—including noneconomic injuries as a result of the death of Decedent, and the damages sought, it is evident that Plaintiffs seek damages in excess of $75,000, and that the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied. *See Campbell v. Bridgestone/Firestone, Inc.*, No. CIYF051499, 2006 WL 707291, at *2 (E.D. Cal. Mar. 17, 2006).

## OTHER PROCEDURAL REQUIRMENTS

25. This removal is timely. EHP is filing this notice 30 days from the date the sole California-resident defendant was dismissed. Even though more than a year has passed since the initial filing of the Plaintiffs' Complaint, the year deadline set forth in 28 U.S.C. §1446(b) has been found by district courts in the Ninth Circuit to be procedural, not jurisdictional, and therefore can be waived. *Jackson v. Wal-Mart Stores, Inc*, 588 F. Supp. 2d 1085, 1088 (N.D. Cal. 2008); *Rogers v. Whitehead,* 2016 WL 10829511, at *2 (C.D. Cal. Feb. 22, 2016) (finding that "the district courts in [the Ninth Circuit] have concluded that an untimely filed notice of removal does not warrant attorneys' fees or costs under § 1447(c).)

26. Pursuant to 28 U.S.C. § 1446(b)(2)(A), only those defendants that have been properly joined and served must join in or consent to the removal of the action. EHP is the only remaining defendant that has been served with the Complaint.

## NOTICE

27. A copy of this Notice will be filed with Clerk of the Los Angeles County Superior Court of the State of California. (*See* 28 U.S.C. § 1446(d)).

28. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiff's counsel. (*See* 28 U.S.C. § 1446(d)).

29. A copy of all process, pleadings and orders served upon Defendant – the Summons and

FAC—are attached as Exhibits A, B, C, and E to the Biernat Declaration. (*See* 28 U.S.C. § 1446(a)). A copy of EHP and JRCA's Answers filed in State Court are attached as Exhibit F and G to the Biernat Declaration.

30. There is complete diversity between Plaintiffs and the remaining two Defendants. (*See* 28 U.S.C. § 1332(a)).

31. This action is properly removed to the United States District Court for the Central District of California, Western Division, because this matter was filed in the Los Angeles County Superior Court of the State of California, which lies within this District and Division. (*See* 28 U.S.C. §§ 84(c)(2), 1441(a)).

32. Defendant reserves all defenses to Plaintiff's claims.

ACCORDINGLY, Defendant removes this action and gives notice to Plaintiffs and to the Los Angeles County Superior Court of California that the state court action shall proceed no further pursuant to 28 U.S.C. § 1446(d).

### DEMAND FOR TRIAL BY JURY

Electrolux Home Products, Inc. hereby demands a jury trial.

DATED: May 9, 2022                              TUCKER ELLIS LLP

By: */s/ Rebecca M. Biernat*
Rebecca M. Biernat
Rebecca.biernat@tuckerellis.com
Attorneys for Defendant
ELECTROLUX HOME PRODUCTS, INC.

# CERTIFICATE OF SERVICE

I hereby certify that, on May 9, 2022, a copy of the foregoing **DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY) DEMAND FOR JURY TRIAL** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, all parties will be served by electronic mail including:

| | |
|---|---|
| Roger E. Booth<br>Hannah Nachef<br>BOOTH LAW<br>21250 Hawthorne Boulevard, Suite 475<br>Torrance, CA 90503<br><br>Cc: Rekha Olsen | **Attorneys for Plaintiffs**<br>Tel: .:310-515-1361<br><br>Email: rbooth@booth.law<br>hnachef@booth.law<br>rolsen@booth.law |

　　　　　　　　　　　/s/ *Rebecca Biernat*
　　　　　　　　　　　Rebecca M. Biernat